UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

MICHAEL JOHNSON,

                              Plaintiff,

                 -against-

CITY OF NEW YORK, PO JOSE FRIAS, individually and
in his official capacity as a New York City Police Officer;
PO RODRIGUEZ, individually and in his official capacity
as a New York City Police Officer; SERGEANT JOHN
DOE, individually and in his official capacity as a New
York City Police Officer,

                            Defendants.

----------------------------------------------------------------------- x

**ANSWER TO COMPLAINT**

04 CV 6858 (DAB)

Jury Trial Demanded

       Police Officer Jose Frias, by his attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon

information and belief, as follows:

          1.      Denies the allegations set forth in paragraph "1" of the complaint.

          2.      Denies the allegations set forth in paragraph "2" of the complaint.

          3.      Denies the allegations set forth in paragraph "3" of the complaint.

          4.      Denies the allegations set forth in paragraph "4" of the complaint, except

admits that plaintiff purports to proceed as stated therein.

          5.      Denies the allegations set forth in paragraph "5" of the complaint, except

admits that plaintiff purports to seek relief as stated therein.

          6.      Denies the allegations set forth in paragraph "6" of the complaint, except

admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

7.      Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to proceed as stated therein.

8.      Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

9.      Paragraph "9" of the complaint sets forth a request for a jury demand rather than averments of fact.  Accordingly no response is required.

10.      Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff purports to base venue as stated therein.

11.      Denies the allegations set forth in paragraph "11" of the complaint, except admits that a purported Notice of Claim was received on or about August 20, 2003.

12.      Denies the allegations set forth in paragraph "12" of the complaint, except admits that more than thirty days have passed and plaintiff has not been paid any monies in connection with the allegations set forth in the complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admits that there was a 50-H hearing held.

14.      Denies the allegations set forth in paragraph "14" of the complaint, except admits that the complaint was filed on or about August 25, 2004.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.      States that the allegations set forth in paragraph "16" of the complaint constitute a legal conclusion to which no response is required, except admit that the City of New

- 2 -

York is a municipal corporation and that Police Officer Jose Frias was employed by the City of New York.

17.     States that the allegations set forth in paragraph "17" of the complaint constitute a legal conclusion to which no response is required.

18.     States that the allegations set forth in paragraph "18" of the complaint constitute a legal conclusion to which no response is required.

19.     States that the allegations set forth in paragraph "19" of the complaint constitute a legal conclusion to which no response is required.

20.     States that the allegations set forth in paragraph "20" of the complaint constitute a legal conclusion to which no response is required.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, except denies the allegations concerning defendant Frias.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint, except denies the allegations concerning defendant Frias.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except denies the allegations concerning defendant Frias.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Denies the allegations set forth in paragraph "26" of the complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except denies the allegations concerning defendant Frias.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint, except denies the allegations concerning defendant Frias.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint, except denies the allegations concerning defendant Frias.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint, except denies the allegations concerning defendant Frias.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Denies the allegations set forth in paragraph "36" of the complaint.

37.     The allegations set forth in paragraph "37" of the complaint set forth conclusions of law rather than averments of fact.  Accordingly, no response is required.

38.     Denies the allegations set forth in paragraph "38" of the complaint.

39.     Denies the allegations set forth in paragraph "39" of the complaint.

40.     Denies the allegations set forth in paragraph "40" of the complaint.

41.     Denies the allegations set forth in paragraph "41" of the complaint.

42.     Denies the allegations set forth in paragraph "42" of the complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Denies the allegations set forth in paragraph "44" of the complaint.

45.     Denies the allegations set forth in paragraph "45" of the complaint.

46.     Denies the allegations set forth in paragraph "46" of the complaint.

47.     Denies the allegations set forth in paragraph "47" of the complaint.

48.     In response to the allegations set forth in paragraph "48" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49.     Denies the allegations set forth in paragraph "49" of the complaint.

50.     Denies the allegations set forth in paragraph "50" of the complaint.

51.     In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

52.     Denies the allegations set forth in paragraph "52" of the complaint.

53.     Denies the allegations set forth in paragraph "53" of the complaint.

54.     In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

55.     Denies the allegations set forth in paragraph "55" of the complaint.

56.     Denies the allegations set forth in paragraph "56" of the complaint.

57.     In response to the allegations set forth in paragraph "57" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

58.     Denies the allegations set forth in paragraph "58" of the complaint.

59.     Denies the allegations set forth in paragraph "59" of the complaint.

60.     In response to the allegations set forth in paragraph "60" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

61.     Denies the allegations set forth in paragraph "61" of the complaint.

62.     Denies the allegations set forth in paragraph "62" of the complaint.

63.     In response to the allegations set forth in paragraph "63" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

64.     Denies the allegations set forth in paragraph "64" of the complaint.

65.     Denies the allegations set forth in paragraph "65" of the complaint.

66.      In response to the allegations set forth in paragraph "66" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

67.      Denies the allegations set forth in paragraph "67" of the complaint.

68.      Denies the allegations set forth in paragraph "68" of the complaint.

69.      In response to the allegations set forth in paragraph "69" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

70.      Denies the allegations set forth in paragraph "70" of the complaint.

71.      Denies the allegations set forth in paragraph "71" of the complaint.

72.      Denies the allegations set forth in paragraph "72" of the complaint.

73.      Denies the allegations set forth in paragraph "73" of the complaint.

74.      Denies the allegations set forth in paragraph "74" of the complaint, except admits that the CCRB deals with allegations of police misconduct.

75.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint.

76.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the complaint.

77.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78.      Denies the allegations set forth in paragraph "78" of the complaint.

79.      Denies the allegations set forth in paragraph "79" of the complaint.

80.      Denies the allegations set forth in paragraph "80" of the complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint.

82.     Denies the allegations set forth in paragraph "82" of the complaint.

83.     Denies the allegations set forth in paragraph "83" of the complaint.

84.     Denies the allegations set forth in paragraph "84" of the complaint.

85.     Denies the allegations set forth in paragraph "85" of the complaint.

86.     Denies the allegations set forth in paragraph "86" of the complaint.

87.     Denies the allegations set forth in paragraph "87" of the complaint.

88.     Denies the allegations set forth in paragraph "88" of the complaint.

89.     In response to the allegations set forth in paragraph "89" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

90.     Denies the allegations set forth in paragraph "90" of the complaint.

91.     Denies the allegations set forth in paragraph "91" of the complaint.

92.     In response to the allegations set forth in paragraph "92" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

93.     Denies the allegations set forth in paragraph "93" of the complaint.

94.     Denies the allegations set forth in paragraph "94" of the complaint.

95.     In response to the allegations set forth in paragraph "95" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

96.     Denies the allegations set forth in paragraph "96" of the complaint.

97.     Denies the allegations set forth in paragraph "97" of the complaint.

98.     In response to the allegations set forth in paragraph "98" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

99.     Denies the allegations set forth in paragraph "99" of the complaint.

100.     Denies the allegations set forth in paragraph "100" of the complaint.

101.     In response to the allegations set forth in paragraph "101" of the complaint,  defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

102.     Denies the allegations set forth in paragraph "102" of the complaint.

103.     Denies the allegations set forth in paragraph "103" of the complaint.

104.     In response to the allegations set forth in paragraph "104" of the complaint,  defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

105.     Denies the allegations set forth in paragraph "105" of the complaint.

106.     Denies the allegations set forth in paragraph "106" of the complaint.

107.     In response to the allegations set forth in paragraph "107" of the complaint,  defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

108.     Denies the allegations set forth in paragraph "108" of the complaint.

109.     Denies the allegations set forth in paragraph "109" of the complaint.

110.    In response to the allegations set forth in paragraph "110" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

111.    Denies the allegations set forth in paragraph "111" of the complaint.

112.    Denies the allegations set forth in paragraph "112" of the complaint.

113.    In response to the allegations set forth in paragraph "113" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

114.    Denies the allegations set forth in paragraph "114" of the complaint.

115.    Denies the allegations set forth in paragraph "115" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

116.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

117.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

118.    Plaintiff has failed to comply with conditions precedent to suit.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

119.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or intervening conduct of someone not under the control of defendant, and was not the proximate result of any act of defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

120.    There was probable cause for plaintiff's arrest.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

121.    Defendants Frias has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

122.    At all times relevant to the acts alleged in the complaint, defendant Frias acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

123.    Plaintiff provoked any incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

124.    Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

125.    Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

**WHEREFORE,** defendant Police Officer Jose Frias requests judgment

dismissing the complaint in its entirety, together with the costs and disbursements of this action,

and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
               June 17, 2005

                           MICHAEL A. CARDOZO
                           Corporation Counsel of the
                           City of New York
                           Attorney for Defendants City of New York and
                           Police Officer Jose Frias
                           100 Church Street
                           New York, New York 10007
                           (212) 788-9391

                    By:      _____
                             Alison Gugel (AG3698)
                           Assistant Corporation Counsel

**TO:**   **J. McGREGOR SMYTH, JR., ESQ.**
       *Attorney for Plaintiff*
       Bronx Defenders
       860 Courtlandt Avenue
       Bronx, New York 10451
       718-838-7878